J-S63029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                            :               PENNSYLVANIA
                                              :

                   v.                                   :
                                              :

ELISABETH HALPERT                 :
                                              :

              Appellant              :       No. 1682 EDA 2019

Appeal from the Judgment of Sentence Entered June 7, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-SA0000230-2019

BEFORE:   GANTMAN, P.J.E., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.:            **FILED DECEMBER 05, 2019**

Elisabeth Halpert (Appellant) appeals from the judgment of sentence imposed after the trial court convicted her of failing to comply with duties at a stop sign, a summary offense, pursuant to 75 Pa.C.S.A. § 3323(b).  Upon review, we affirm.

On October 24, 2018, Appellant was involved in a two-vehicle accident at the intersection of South Oxford Valley Road and Saxony Drive in Bristol Township.  Trial Court Opinion, 7/5/19, at 1.  As a result, Appellant was charged with the above-offense.  *Id.*

Appellant was found guilty by a magisterial district judge on April 16, 2019.  *Id.*  On April 22, 2019, Appellant filed a notice of summary appeal with

_____

[*] Retired Senior Judge assigned to the Superior Court.

the trial court. At the conclusion of a *de novo* trial, the trial court found Appellant guilty of violating Section 3323(b). N.T., 6/7/19, at 65.

Appellant filed a timely notice of appeal. Appellant filed a concise statement of errors complained of on appeal on July 1, 2019, and the trial court filed its opinion on July 5, 2019. Appellant presents a single issue for our review:

[1.] Where the evidence does not prove [Appellant's] culpability beyond a reasonable doubt must the matter be reversed?

Appellant's Brief at 6.

Initially, we note that both the trial court and the Commonwealth assert that Appellant waived her sole issue on appeal for failure to comply with Pennsylvania Rule of Appellate Procedure 1925. **See** Trial Court Opinion, 7/5/19, at 2-4; Commonwealth Brief at 8-11. Specifically, the Commonwealth argues that Appellant's concise statement is too lengthy and/or redundant. **See id.** at 8 (alleging Appellant's concise statement "fails to comply with Pa.R.A.P. 1925(b)[(4)](iv)."). Upon review, we decline to find waiver.

The Pennsylvania Rules of Appellate Procedure provide that a concise statement, "should not be redundant or provide lengthy explanations as to any error." Pa.R.A.P. 1925(b)(4)(iv). "Our law makes it clear that Pa.R.A.P. 1925(b) is not satisfied by filing any statement. Rather, the statement must be 'concise' and coherent as to permit the trial court to understand the specific issues being raised on appeal." **Commonwealth v. Vurimindi**, 200 A.3d 1031, 1038 (Pa. Super. 2018) (citation omitted).

Although Appellant's concise statement is lengthy and contains argument more appropriately raised in an appellate brief, it sets forth the error Appellant intended to assert on appeal: a sufficiency of the evidence claim with regard to her conviction. *See* Appellant's Concise Statement, 7/1/19, at 2 ("Was the verdict rendered supported by the sufficiency of the evidence."). Further, as required for the preservation of a sufficiency claim, Appellant identifies the specific element she maintains the evidence was insufficient to support. *See id.* at 4 ("The trial court erred in convicting Appellant under 75 Pa.C.S.A. [§] 3323(b) for failing to stop at a stop sign because there was no evidence presented that she had not yielded the right-of-way."); *see also Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) ("[T]he [a]ppellant's 1925 statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal.") (citations omitted).

While lengthy, Appellant's concise statement, as the trial court concedes, properly identifies the issue she wishes to raise on appeal, and we therefore decline to find waiver.[1] *See* Trial Court Opinion, 7/5/19, at 4 ("The

---

[1] The Commonwealth also argues that this Court should find waiver because, in her concise statement, Appellant cites to the notes of testimony from her hearing before the magisterial district judge rather than her trial at the common pleas level. *See* Commonwealth Brief at 9. However, we do not find waiver because Rule 1925 makes any citation to pertinent authorities and/or record citations in a concise statement **optional**. *See* Pa.R.A.P. 1925(b)(4)(ii) ("The judge shall not require the citation to authorities or the record; however, appellant may choose to include pertinent authorities and

only issue that [Appellant] apparently raises on appeal that we can glean from her the [*sic*] Brief/Concise Statement is whether the verdict was supported by sufficient evidence."); *see also Vurimindi*, 200 A.3d at 1039 ("We recognize that not all lengthy 1925(b) statements require dismissal of the appeal."). Accordingly, we turn to the merits of Appellant's sufficiency claim.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Leaner*, 202 A.3d 749, 768 (Pa. Super. 2019) (citation omitted). To reiterate, the trial court, as the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Commonwealth v. Melvin*, 103

---

record citations in the Statement."). Additionally, Appellant's notice of appeal correctly states the appeal is from the trial court's June 7, 2019 order. *See* Appellant's Notice of Appeal, 6/12/19, at *1.

A.3d 1, 39 (Pa. Super. 2014) (citation omitted). In conducting review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder. *Id.* at 39-40.

Appellant contends that her conviction of failing to obey her duties at a stop sign is not supported by the evidence. Appellant maintains that the Commonwealth did not provide "evidence that it was not safe for [Appellant] to pull out to the extent she did," and that, "[t]he mere happening of the crash is not sufficient to establish guilt beyond a reasonable doubt." Appellant's Brief at 14. She further argues that the Commonwealth did not prove beyond a reasonable doubt that she "failed to slowly pull forward" as required by Section 3323(b). *Id.* at 16. We disagree.

Section 3323(b) provides that a person commits a summary offense if they fail to obey the following:

> Except when directed to proceed by a police officer or appropriately attired persons authorized to direct, control or regulate traffic, every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line or, if no stop line is present, before entering a crosswalk on the near side of the intersection or, if no crosswalk is present, then at the point nearest the intersecting roadway where the driver has a clear view of approaching traffic on the intersecting roadway before entering. **If, after stopping at a crosswalk or clearly marked stop line, a driver does not have a clear view of approaching traffic, the driver shall after yielding the right-of-way to any pedestrian in the crosswalk slowly pull forward from the stopped position to a point where the driver has a clear view of approaching traffic. The driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute a hazard during the time when the driver is moving across or within the intersection or junction of roadways and enter the**

**intersection when it is safe to do so.**

75 Pa.C.S.A. § 3323(b) (emphasis added).

In addressing Appellant's sufficiency claim, the trial court explained:

> The driver of the other vehicle, Jessica Novak ([] "Novak") testified her vehicle, a black Jeep, had been proceeding in the left lane northbound on Oxford Valley Road, approaching Saxony Drive when [Appellant's] vehicle "pulled out in front of me." In an attempt to avoid a collision, with the apparently left-turning vehicle, Novak braked and veered left. However, Novak was unable to avoid [Appellant's] encroaching [] vehicle, later identified as a 2019 silver Dodge sedan. The photograph shown to Novak and entered on the record at the *de novo* trial as "Exhibit C-2" depicts the damage to the front right passenger portion of Novak's jeep. Also identified by Novak, and later Officer Kitchenman as "Exhibit C-3"[,] was a photograph that showed debris from Novak's Jeep on the roadway. The debris field was in the center turning lane and in the two lanes of opposing traffic. Novak further testified that [Appellant's] car "had just pulled out straight across my lane . . . ." This [c]ourt found the testimony of Novak to be credible.
>
> [Appellant] testified that she "stopped at the stop sign. And then because the truck was parked there (in the right northbound lane) I just inched my way out very slowly to make the left-hand turn." She averred "I don't remember the accident." On [cross-examination, Appellant] said "I was T-boned on the side of my driver's side door.["]
>
> Officer Patrick Kitchenman, of the Bristol Township Police, a trained crash reconstructionist, testified at 3:18 p.m., he was called to the scene. He described the area of where the crash occurred as "a T-intersection. Saxony Drive comes out—it's a minor road coming out on the major road of Levittown Parkway. Levittown Parkway at that point is two lanes in each direction with a turning lane in the center." When the [c]ourt inquired for the record, "is Levittown Parkway the same as South Oxford Valley Road?"[,] the Officer responded, "yes, Your Honor. It changes name right at the intersection."
>
> Officer Kitchenman further testified that "where the [Appellant's] vehicle came to a rest would <u>not</u> have been a natural

- 6 -

resting place from that collision. It would have been driven there. So an assumption would be that [Appellant] had her foot on the accelerator at some point to move her car from [the] scene of the crash to where it actually came to a final rest."

On cross, the Officer testified that "the collision point where the impact happened was on the left front of [Appellant's] car . . . meaning that [Appellant's] vehicle was fully into Ms. Novak's lane of travel northbound on the parkway there, yes. So she had to be fully out there. So if she was inching out there I would have expected a front swipe or something similar to that." Continuing, he testified "but in this case the car was fully out there, meaning there was no inching involved unless you can say that the Jeep was going some excessive rate of speed, but the damage doesn't indicate that and the testimony does not. . . ."

We found the testimony of Officer Kitchenman and Ms. Novak credible. The portion of [Appellant's] testimony where she said that her vehicle was T-boned in the driver's side door and that she did not remember the accident was also consistent with the other evidence. We found her testimony that she was inching out totally lacking in credibility and completely contradicted by both the physical evidence and the credible testimony of the other witnesses.

Persuasive to this [c]ourt is the physical evidence and the testimony, which shows an impact well into the left travel lane in which Novak's car possessed the right of way. In fact the evidence showed that it was almost in the center turning lane. From [Appellant's] driver's side door to have been hit in that location, the front of her car had to be completely through both the right and left northbound travel[] lanes and actually into the center turning lane. This evidence persuades the [c]ourt that [Appellant] did not, after observing the obstruction, slowly pull forward to where she had a clear view of approaching traffic. Rather, [Appellant], after initially stopping and observing the obstructed view, pulled into the roadway, heedless of traffic which possessed the right-of-way.

Further evidence of this was the fact that the final resting point of Ms. Novak's vehicle was in the grass across both of the southbound travel lanes and the final resting point of [Appellant's] vehicle was off the northbound side of the road over 50 yards north of the point of impact. We found that the only way for that

- 7 -

to have happened was if [Appellant] was accelerating through the intersection, the impact caused her vehicle to rotate close to 120 degrees and continue to accelerate until finally coming to a rest where it did.

Trial Court Opinion, 7/5/19, at 5-6 (citations to notes of testimony omitted, underlining in original).

The record supports the trial court's reasoning. For example, Ms. Novak testified that she was driving her vehicle on Oxford Valley Road when Appellant's vehicle "pulled out in front of" her at the road's intersection. N.T., 6/7/19, at 4-5. Novak further testified that from where Appellant's vehicle came to a stop after the collision, it was if "she was continuing to try to merge into the other side of traffic," and Appellant could not have been slowly pulling forward because "her car was directly in front of me at the time of the impact." *Id.* at 18, 22.

Officer Kitchenman testified that a stop sign exists at the end of Saxony Drive where it intersects with Oxford Valley Road. *Id.* at 38. Officer Kitchenman further testified that because there was a stop sign at the intersection, Appellant was required to yield to oncoming traffic, and therefore, "because of the fact of the collision, clearly she did not yield to oncoming traffic." *Id.* at 46. Officer Kitchenman opined that Appellant's car was "[f]ully into Ms. Novak's lane of travel northbound on [Oxford Valley Road]," and stated:

[I]t's required by law at a stop sign to yield to oncoming traffic when proceeding out into an intersection after a stop sign. In order to yield, you have to allow for them to go first. [Ms. Novak]

had the right-of-way on [Oxford Valley Road]. That clearly didn't happen because [Appellant's] car was right in front of a vehicle that ended up crashing into her despite taking an evasive maneuver to avoid the crash. So it wasn't that the [Appellant's] vehicle inched out. The vehicle was fully out into that lane such that a maneuver to the left did not avoid a collision, that there was still a crash.

*Id.* at 42, 48-49.

Appellant testified that she stopped at the stop sign, inched her way out "very slowly to make the left-hand turn," and had no recollection of the collision with Ms. Novak. N.T., 6/7/19, at 50. When questioned as to where her vehicle was struck by Ms. Novak's, Appellant testified that "she was T-boned on the side of my door." *Id.* at 53.

As stated above, we view the evidence in the light most favorable to the Commonwealth as verdict winner, and give deference to the trial court's credibility determinations as the finder of fact. *Leaner*, 202 A.3d at 768; *Melvin*, 103 A.3d at 39. We thus discern no reason to disturb the trial court's determination that Appellant was guilty of violating Section 3323(b), where the court was free to discredit portions of Appellant's testimony, and credit the testimony of Ms. Novak and Officer Kitchenman, which supported the court's determination that Appellant "failed to yield the right-of-way to any vehicle in the intersection or approaching on another roadway" in violation of 75 Pa.C.S.A. § 3323(b).

Judgment of sentence affirmed.

- 9 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/5/19</u>